# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CLAY-ANTHONY JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV423-139 |
| DON MONTGOMERY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Clay-Anthony Johnson, has filed a Complaint against Don Montgomery, the Solicitor General of Bryan County, Georgia, Judge Billy Tomlinson, and "G. Tappenn," a "police officer." Doc. 1 at 2. He has also moved to proceed *in forma pauperis*. Doc. 2. As Johnson is not indigent, his Motion should be **DENIED**. Doc. 2. Ordinarily, plaintiffs denied leave to proceed *in forma pauperis* are afforded an opportunity to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2). However, as explained below, such an opportunity would be futile in this case, as Johnson's Complaint is frivolous. Accordingly, his Complaint should be **DISMISSED**. Doc. 1.

In his application, plaintiff discloses an income of approximately $900-1,000, though he does not disclose the period of that income. *See* doc. 2 at 1. His application suggests, albeit somewhat unclearly, that his income is based on Social Security or Social Security Disability payments. *Id.* He discloses $40 in available funds, and approximately $650 in monthly expenses. *Id.* at 2. Assuming that Johnson's income is the lower disclosed amount, and generously presuming that he receives that amount only monthly, he has approximately $250 per month in discretionary income. That discretionary income precludes authorization to proceed *in forma pauperis.*

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an

entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given his disclosed income and expenses, plaintiff is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**. Docs. 2.

When a plaintiff is denied leave to proceed *in forma pauperis*, this Court's Local Rules provide an opportunity for him to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2). Such an opportunity would be futile in this case, as Johnson's Complaint is frivolous. The Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable

3

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although dismissal where a defendant has not filed an answer is not preferred, it is permissible where the complaint is "patently frivolous." *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."); *Rosetta v. United States*, 2017 WL 4415674, at *1-2 (S.D. Ga. Aug. 29, 2017), *adopted* 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017) ("[T]he Court has an obligation to dismiss any complaint that is factually and legally frivolous."). Johnson's Complaint is frivolous and should, therefore, be **DISMISSED**. Doc. 1.

Plaintiff's Complaint incorporates a document titled "Motion to Charge." *See* doc. 1 at 4, 6-9. That document states, in part, "Now comes [Clay-Anthony of the family Johnson], the Grantor of the Trust for Corporate Fiction, CLAY-ANTHONY JOHNSON, the Plaintiff . . . ." *Id.* at 6. It continues, "[t]he living flesh representative of the Corporate Fiction, CLAY-ANOTHONY JOHNSON, was wrongfully detained and forced, at great expense, to pay bond for his release due to being mistaken

4

for another Corporate Fiction CLAY ANTHONY JOHNSON." *Id.* It speaks repeatedly of violations of Johnson's "sovereign rights." *See id.* at 8-9.

Plaintiff's language has all the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted)); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii July 2, 2015). This Court has recognized that such claims are properly dismissed as frivolous. *See, e.g., Owens v. Wilcher*, 2022 WL 2440808, at

*2 (S.D. Ga. July 5, 2022). Johnson's Complaint asserting violations of his "sovereign rights" should, therefore, be **DISMISSED**.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[1] Johnson's filings intersperse language associated with non-fanciful legal theories among the sovereign-citizen nonsense. *Cf. Williams v. Deal*, 2018 WL 5624309, at *1 (S.D. Ga. Oct. 19, 2018) ("[t]o call 'sovereign citizen' arguments 'nonsense' would be an insult to nonsense; such arguments are utterly worthless, their assertion merely wastes the Court's limited resources . . . ."). He states that Defendant Tappenden unlawfully seized a vehicle, described as "unauthorized pirating," doc. 1 at 7, and that "[e]xamination of the records," it's not clear which records, "can reveal a pattern of [Defendant Tomlinson's] neglect or delay in the defendant's duty to serve, such as scheduling too many arraignment dates, which would be a clear violation of the defendant's obligation to follow the laws of the State of Georgia and uphold the constitutional right to a speedy trial under the Sixth Amendment," *id.* at 8. Vague references to legitimate constitutional rights and conclusory assertions of the violations of those rights do not alter the fundamentally frivolous character of the Complaint. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 23rd day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA